# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ADAMS, | Case No. 1:23-cv-01608-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| v. | |
| ANDY DAHL, *et al.*, | FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT AND DISMISSAL OF FEDERAL CLAIMS |
| Defendants. | |
| | (ECF No. 4) |
| | **FOURTEEN (14) DAY DEADLINE** |

**I.      Background**

Plaintiff Paul Adams ("Plaintiff") is a former state prisoner proceeding through counsel in this civil rights action pursuant to 42 U.S.C. § 1983.  This action was removed from Kern County Superior Court on November 14, 2023 by Defendants Dahl, Hernandez, Kendrick, and King ("Defendants").  (ECF No. 1.)

On December 4, 2023, Plaintiff filed a motion to remand this action to state court.  (ECF No. 4.)  Defendants filed an opposition, together with a request for judicial notice, on December 26, 2023.  (ECF No. 7.)  Plaintiff did not file a reply brief, and the deadline to do so has expired.  The motion is deemed submitted.[1]  Local Rule 230(l).

---

[1] As noted in the Court's December 5, 2023 order vacating the hearing on the motion to remand, (ECF No. 5),

1

**II.     Plaintiff's Motion to Remand**

   **A.     Legal Standard**

Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction." Section 1446(b) sets a thirty-day deadline to remove a case to federal court. If the basis for removal is clear from the complaint or other initial pleading, the thirty days begins to run from the date a defendant receives the initial pleading. 28 U.S.C. § 1446(b)(1). But "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). An amended pleading, motion, order, or other paper must make a ground for removal "unequivocally clear and certain" before the removal clock begins. *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095 (9th Cir. 2021).

District courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The removal statute is strictly construed, and Defendants bear the burden of establishing grounds for removal. *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). As a threshold matter, courts "must consider whether federal jurisdiction exists, even if no objection is made to removal, and even if both parties stipulate to federal jurisdiction," *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 342 (9th Cir. 1996) (citations omitted), and "federal jurisdiction 'must be rejected if there is any doubt as to the right of removal in the first instance,'" *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc., v.*

---

although Plaintiff is represented by counsel, it is the Court's general practice to apply Local Rule 230(l) and certain other local rules concerning actions in which one party is incarcerated and proceeding *in propia persona*, even in actions where the plaintiff is later represented by counsel.

*Williams*, 482 U.S. 386, 392 (1987) (internal quotations and citations omitted). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc.*, 482 U.S. at 392.

The removal statute "is strictly construed and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (internal quotations and citations omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

**B.     Parties' Positions**

Plaintiff contends that the first amended complaint alleges only state causes of action, deriving from violations of California Code of Regulations Title 15 §§ 3270, 3271, and 3391, and fail to assert any claim that arises under federal law. As none of the causes of action Plaintiff alleged in the initial or first amended complaint could originally have been filed in federal court, removal is improper and the case must be remanded. Defendants sole argument is that nearly 2 years after Plaintiff filed the initial complaint, Plaintiff's opposition to Defendants' demurrer referenced federal case law. As federal question jurisdiction must exist at the time the complaint was filed and only when said federal question is presented on the face of the complaint, and Defendants failed to argue that federal question is presented on the face of the complaint, there is no federal question jurisdiction over the instant case. Plaintiff also requests an award of costs and attorney's fees.

Defendants argue in opposition that Plaintiff continues to muddy the basis of the legal basis of his retaliation claim and refuses to confirm whether he brings it under state or federal law. Instead, Plaintiff incorrectly argues that because the face of his operative complaint does not clearly assert a federal retaliation claim, Defendants are not entitled to defend against his federal claim in federal court. However, Defendants properly removed this case using the second of two pathways for removal, after Plaintiff relied on federal First Amendment retaliation case law in his opposition to Defendants' demurrer, in an attempt to save his retaliation claim from dismissal. If the Court remands the case, it should deny Plaintiff's request for attorney's fees and costs, as

1  Defendants had an objectively reasonable basis for removal based on Ninth Circuit precedent.
2  Plaintiff also could have avoided the expenditure of time and resources on the motion to remand,
3  as defense counsel repeatedly attempted to meet and confer with Plaintiff's counsel prior to
4  removal to confirm the basis for Plaintiff's claims, but Plaintiff's counsel refused to do so and
5  refused to disclose facts necessary to determine federal jurisdiction.  If the Court finds that
6  Plaintiff has foreclosed or waived any federal retaliation claim based on his motion to remand,
7  Defendants do not oppose remand.

**C.     Defendants' Request for Judicial Notice**

Defendants request that the Court take judicial notice of the existence and content of documents filed in *Adams v. Dahl, et al.*, Case No. 1:20-cv-00852-JLT-CDB (E.D. Cal.).  (ECF No. 7-1.)  Plaintiff did not respond to or otherwise oppose the request for judicial notice.

Federal Rule of Evidence 201 permits the Court to take judicial notice at any time.  A judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources who accuracy reasonably cannot be questioned. Fed. R. Evid. 201(b).  Courts may take judicial notice of facts related to the case before it. *Amphibious Partners, LLC v. Redman*, 534 F.3d 1357, 1361–62 (10th Cir. 2008) (district court was entitled to take judicial notice of its memorandum of order and judgment from previous case involving same parties).

Defendants' request is GRANTED.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts may take judicial notice of court filings and other matters of public record); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (same).

**D.     Discussion**

Plaintiff's argument that removal is only appropriate where federal question jurisdiction exists at the time the complaint was filed and when federal jurisdiction is presented on the face of the complaint—is incorrect.  As noted above, 28 U.S.C. § 1446 provides two pathways for removal of a case to federal court.  *Dietrich*, 14 F.4th at 1090, and Defendants utilized the second pathway by filing a notice of removal within 30 days after receipt of Plaintiff's brief in opposition

4

to the demurrer, which relied upon federal law in support of his retaliation claim.  Plaintiff characterizes the brief as containing as "a single argument in Plaintiff's Opposition to Defendants Demurrer referencing *Rhodes v. Robinson*, 408 F.3d 559 (9th Cir. 2005)."  (ECF No. 4, p. 6.)  Plaintiff does not otherwise address whether he intended to assert a retaliation claim pursuant to federal law in filing his opposition to the demurrer.

The Court finds that Plaintiff made more than "a single argument" merely "referencing" a federal case in support of a broader state law retaliation claim.  Rather, Plaintiff's argument that his retaliation claim states a cause of action is supported almost exclusively by federal case law, including citations to eight different decisions from the Ninth Circuit Court of Appeals and two decisions from the United States Supreme Court.  (Plaintiff's Opposition to Defendant's Demurrer to First Amended Complaint, ECF No. 1, pp. 493–494; ECF No. 7, p. 10.)  Plaintiff relies exclusively on the federal standards to support his argument that his first amended complaint states a retaliation claim under the First Amendment to the U.S. Constitution, citing to state authority only for the proposition that a private right of action exists and in reference to the sections of California Code of Regulations, Title 15 that were violated by Defendants' alleged retaliatory actions.  As such, with the filing of Plaintiff's opposition brief, it became "unequivocally clear and certain" that there was a basis for removal of this action on the basis of federal question jurisdiction.  *Dietrich*, 14 F.4th at 1095.  By arguing almost exclusively that removal is not appropriate based on the contents of the initial and first amended complaints, Plaintiff has conceded this point.  Thus, Defendants' removal of this action was proper based on the arguments raised in Plaintiff's demurrer opposition brief.

Plaintiff nevertheless contends that the five causes of action asserted in the first amended complaint derive from California statute or common law.  (ECF No. 4, pp. 1, 3.)  Plaintiff states that "[i]n the instant case, Plaintiff has **only** alleged state causes of action" and the initial and first amended complaints fail to assert any claim arising under federal law.  (*Id.* at 6 (emphasis in original).)

The conflicting evidence before the Court therefore demonstrates that while Plaintiff disclaims any federal question jurisdiction—based on a review of the initial or first amended

5

1  complaints only—Plaintiff's opposition to Defendants' demurrer relies exclusively on federal law
2  to support the retaliation claim.  As Plaintiff did not take the opportunity to clarify his position,
3  either by meeting and conferring with defense counsel prior to removal, in the motion to remand,
4  or in a reply brief in support of the motion to remand, the Court finds it appropriate to take
5  Plaintiff at his word that "Plaintiff has **only** alleged state causes of action."  (ECF No. 4, p. 6.)
6  Further, a plaintiff's "repeated references" to federal law in his state law cause of action "does not
7  mean that [federal law] creates the cause of action under which [plaintiff] sues."  *Kripke v.*
8  *Safeway, Inc.*, 2018 WL 3491903, at *6 (N.D. Cal. July 20, 2018) (alterations in original)
9  (quoting *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana*, 213
10 F.3d 1108, 1113 (9th Cir. 2000)).  Accordingly, to the extent Plaintiff's opposition to the
11 demurrer may be construed as asserting a federal basis for a retaliation claim, the Court finds that
12 such a federal claim has been abandoned and should be dismissed, with prejudice.  With this
13 finding, Defendants state that they do not oppose remand.  (ECF No. 7, p. 16.)  Remand is
14 therefore appropriate as to all remaining state law claims.

15      Although the Court recommends granting Plaintiff's motion to remand, the Court finds
16 that attorney's fees and costs are not warranted.  Defense counsel attempted to meet and confer
17 with Plaintiff's counsel to determine whether removal was necessary prior to filing the notice of
18 removal, and did not receive a response confirming whether or not Plaintiff's retaliation claim
19 was based in the First Amendment.  (ECF No. 7, p. 17.)  Defendants had an objectively
20 reasonable basis for the removal, while it appears Plaintiff's counsel failed to disclose facts
21 necessary to determine jurisdiction.  Assuming Plaintiff never intended to rely on federal law as a
22 basis for his retaliation claim, responding to Defendants' request to meet and confer would have
23 saved Plaintiff's counsel the time expended on the filing of the motion to remand.  *Martin v.*
24 *Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  If Plaintiff did intend to rely on federal law as
25 a basis for his retaliation claim, removal was appropriate and costs and fees are again
26 unwarranted.
27 ///
28 ///

### III. Order and Recommendations

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED as follows:

1. Plaintiff's motion to remand, (ECF No. 4), be GRANTED;
2. To the extent Plaintiff's opposition to Defendants' demurrer may be construed to allege a federal claim for retaliation under the First Amendment to the U.S. Constitution, that claim be DISMISSED, with prejudice, as abandoned;
3. The remainder of this action, to include only Plaintiff's state law claims, be REMANDED to the Superior Court of California, Kern County, Case No. BCV-20-102155; and
4. This action be closed.

\* \* \*

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 8, 2024**          /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE